NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO CELIS-BRICENO, AKA Marco Antonio Celis-Briceno, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   14-72273 <br><br> Agency No. A072-111-212 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Marco Celis-Briceno, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the question of whether an IJ's denial of a continuance violated a petitioner's statutory right to counsel, *Montes-Lopez v. Holder*, 694 F.3d 1085, 1088 (9th Cir. 2012), and we grant the petition for review and remand.

Celis-Briceno argues his statutory right to counsel, which he never waived, was violated when the IJ denied his request for a continuance. We conclude, on the facts of this case, the IJ erred in denying Celis-Briceno's request for a continuance. *See Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005) (noting what constitutes reasonable time to locate counsel is a fact-specific inquiry and discussing relevant factors); *id*. at 1100 ("[A]t a minimum [IJs] must inquire whether the petitioner wishes counsel, determine a reasonable period for obtaining counsel, and assess whether any waiver of counsel is knowing and voluntary.").

Thus, we grant Celis-Briceno's petition for review, and we remand for further proceedings consistent with this disposition.

In light of our remand, we do not reach Celis-Briceno's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

14-72273